## JIM RIDDLE v. THE STATE.

### No. 3749.   Decided December 5.

1. **Slander—Evidence.** — In order to sustain a conviction for slander it is necessary that the alleged slanderous words should be proved substantially, at least, as charged. See a statement of facts in the opinion upon which it was held that the slander as alleged in the indictment was not sustained by the evidence adduced.

2. **Indictment—Innuendo.**—In an indictment for slander where ambiguous language is sought to be explained by innuendo, it is necessary to prove the innuendo as substantially as the slanderous words its meaning was intended to convey.

APPEAL from the County Court of Fannin.   Tried below before Hon. Wm. M. Bramlett, County Judge.

Appellant was charged by information with the slander of one Mary Christian, and on his trial was convicted and his punishment assessed at a fine of $500.

It is unnecessary to state the evidence in full, as it is sufficiently stated in the opinion in connection with the rulings made.

*Evans & Evans,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The slander charged in the information was, that the defendant did, "in the presence and hearing of one Mrs. Mintie Clarke and one Wayman Clarke, and divers other persons, falsely, maliciously, and wantonly say of and concerning her, the said Mary Christian, that she was not a virtuous woman, and that he, the said Jim Riddle, had seen her, the said Mary Christian, under suspicious circumstances, to-wit, that he had seen said Mary Christian at the back of a certain field, in company with three certain men, to-wit, two Rankin men and one Sullivan man; meaning thereby that they were there for carnal intercourse and illicit purposes," etc.   In order to sustain a conviction for slander it is necessary that the alleged slanderous words should be proved substantially, at least, as charged.   Frisby v. The State, 26 Texas Ct. App., 180.

There is no direct and positive testimony that the defendant said in so many words that Mrs. Christian was not "a virtuous woman;" and this allegation is not proved by the testimony of Wayman Clarke, who testified that the defendant stated in the presence of himself and wife that "Mrs. Mary Christian was not a virtuous woman, *by stating that he,* the said defendant, had seen Mrs. Mary Christian at the back of a certain field with three certain men, to-wit, two Rankin men and one Sullivan man."   This was a mere conclusion or opinion of the witness that defendant had stated that she was not "a virtuous woman" from

the fact that she was seen by him behind the field with the two Rankin men and the one Sullivan man. Such conclusion does not necessarily follow from the language used.

As we have seen, however, the information charged also that defendant had said "he had seen her under suspicious circumstances." There is no direct and positive proof of this allegation that he said "he had seen her under suspicious circumstances."

It is further alleged in the information, however, that he said he had seen Mary Christian at the back of a certain field in company with three certain men, to-wit, two Rankin men and one Sullivan man, and the information further charged that he meant by that "they were there for carnal intercourse, and for illicit purposes." This character of pleading—that is, by the use of the innuendo to make clear ambiguous language used by a party charged—is not only permissible, but proper. In such case the information should allege its meaning, as was done in this case. Berry v. The State, 27 Texas Ct. App., 483. Still, having alleged it with an innuendo which would go to establish an offense if proved, it was necessary to prove the innuendo as substantially as the slanderous words its meaning was intended to convey. It was not proved by either of the witnesses directly and positively that the impression made upon his or her mind by the use of the words that "he had seen Mrs. Christian behind the field with the two Rankin men and the one Sullivan man" was that he meant that she was there for the purpose of having illicit intercourse with these men, and consequently the innuendo was not proved.

Because we are of opinion that the proof does not sustain either of the allegations in the information, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.